UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS HUNTER,<br><br>                Plaintiff,<br><br>v.<br><br>OASIS FINANCIAL SOLUTIONS, LLC,<br><br>                Defendant. | Civil No. 10cv724 L (WVG)<br><br>**ORDER GRANTING *EX PARTE* MOTION TO CONTINUE [doc. #5]** |

      Plaintiff filed the above-captioned case on April 6, 2010. Because service of process was not effectuated by August 4, 2010, plaintiff filed an *ex parte* motion to continue the deadline for service of process on August 8, 2010.

      Federal Rule of Civil Procedure 4(m) requires a plaintiff to effectuate service of process on defendants within 120 days after the filing of the complaint. If plaintiff fails to serve the Complaint within the time provided, Rule 4(m) further provides the court "shall dismiss the action without prejudice as to that defendant or direct that serve be effected within a specified period of time." Thus, Rule 4(m) allows courts to provide additional time for service, "even if good cause is not shown." Notes of the Advisory Committee on 1993 Amendments to rule 4(m). The Advisory Committee Notes specifically state that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Id.* (citing to *Ditkof v. Owens-Illinois, Inc.*,

114 F.R.D. 104 (E.D. Mich. 1987)).

Federal Rule of Civil Procedure 6(b) grants district courts discretion to enlarge time periods set by the rules. This is so even when the request is made after the expiration of the time period to be enlarged, provided the delay was caused by excusable neglect. FED. R. CIV. P. 6(b)(2).

"Excusable neglect" covers negligence on the part of counsel. *See Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004) (*en banc*). The determination of whether neglect is excusable is an equitable one that depends on at least four factors:

> (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.

*Pincay*, 389 F.3d at 855 (citing *Pioneer Investment Services Company v. Brunswick Associates*, 507 U.S. 380, 395 (1993)). The district court's discretion in this regard is broad. *See Pincay*, 389 F.3d at 859.

The Supreme Court in *Pioneer* established a balancing test to determine whether an untimely filing is due to excusable neglect. *Pioneer,* 507 U.S. at 395; *see also Pincay,* 389 F.3d at 855. The focus of the inquiry in *Pioneer* was whether the reason for the delay, an attorney's egregious and clearly negligent misreading of an unambiguous rule, could constitute excusable neglect. *Pioneer,* 507 U.S. at 394. In the present case, as in *Pincay*, this question is answered "within the context of a particular case," including the evaluation of factors such as "whether the lawyer had otherwise been diligent, the propensity of the other side to capitalize on petty mistakes, the quality of representation of the lawyers . . . , and the likelihood of injustice" if relief is denied. *Id*. at 859.

Here plaintiff fails to discuss any of the factors that the Court should consider in determining his request for an extension of time. Instead, plaintiff's counsel merely states that the process server she chose failed to serve the complaint notwithstanding her repeated contacts with him. For this reason alone, the Court could deny plaintiff's motion. It is counsel's obligation to argue the merits of the motion and the relief sought. Nevertheless, the Court finds

there is no prejudice to defendant if a brief extension of time to serve the summons and complaint is allowed.  Further, the time between when service was to have been effectuated and the request for an extension of time to serve is unremarkable and brief delay will not interfere with the case.  There is nothing to suggest that the failure to timely effectuate service was in bad faith or done with the intent to subject defendant to unfair or unreasonable tactics.

Finally, the reason for the delay in service of process was within the reasonable control of the movant, *i.e.*, the failure of counsel to ensure that the process server acted promptly. "[W]hether neglect is 'excusable' is the conclusion one reaches after considering the pertinent factors, not an independent element with moral content." *Pincay*, 389 F.3d at 860 (Berzon, J., concurring).  As Judge Berzon noted in *Pincay*, "*Pioneer* thus indicates that a district court may find neglect 'excusable' if it is caught quickly, hurts no one, and is a real mistake, rather than one feigned for some tactical reason – even if no decent lawyer would have made that error." *Id.*

Having considered the *ex parte* motion and the relevant factors, the Court finds and concludes that the failure to timely effectuate service of process was based on an error occasioned by faulty administrative practice on the part of counsel; plaintiff acted promptly to rectify the error; there is no prejudice to defendant; and plaintiff's error was real and not made for some tactical reason.

Based on the foregoing, plaintiff's *ex parte* motion to continue the deadline for service of process is **GRANTED**.  Plaintiff shall have until September 3, 2010 in which to effectuate service of process.  No further extensions of time to serve defendant shall be granted.

**IT IS SO ORDERED.**

DATED: August 23, 2010

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28