UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROSS HUNTER;<br><br>　　　　　Plaintiff,<br><br>v.<br><br>OASIS FINANCIAL SOLUTIONS, LLC;<br>and DOES 1-10;<br><br>　　　　　Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 10-CV-724-L(WVG)<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. NO. 12) |

On April 6, 2010, Plaintiff Ross Hunter filed suit against Defendant Oasis Financial Solutions, LLC ("Oasis"). (Doc. No. 1.) Service of process on Oasis was completed on August 10, 2010. (Doc. No. 6.) After Oasis failed to respond to the Complaint, the Clerk entered default on September 16, 2010. (Doc. No. 11.) On October 18, 2010, Plaintiff filed a motion for default judgment against Oasis. (Doc. No. 12.) District Judge Lorenz referred the motion to the undersigned for a Report and Recommendation. For the reasons below, the Court RECOMMENDS that Plaintiff's motion for default judgment be GRANTED.

/ / /

/ / /

**I.  BACKGROUND**

Oasis is a Florida-based company engaged in the debt collection business. (Compl. ¶ 5.) Mr. Hunter is an individual. (Id. ¶ 4.) This suit arose from a series of collection calls Oasis placed to Mr. Hunter to collect an unpaid debt which Mr. Hunter admits he incurred. (Id. ¶¶ 8-9.) After Mr. Hunter failed to pay, the debt was assigned to Oasis for collection. (Id. ¶ 10.) When Oasis initially contacted Mr. Hunter, he informed the company that the statute of limitations for collection of the debt had run. (Doc. No. 12 at 5-6.) Oasis thereafter began to call Mr. Hunter "ten (10) times per day," threatened him with arrest, and failed to send Mr. Hunter verification of the debt upon his request. ( Id.; Compl. ¶¶ 12, 14.) Oasis continued to call Mr. Hunter even after Mr. Hunter retained legal counsel and advised Oasis to direct all future calls to counsel. (Compl. ¶¶ 16-17; Doc. No. 12 at 6.) Mr. Hunter alleges additional harassing or illegal conduct against Oasis, including threatening legal action without intending to follow through (Compl. ¶ 27), accusing him of committing a crime (Id. ¶ 28), continuing collection efforts despite lack of debt validation (Id. ¶ 35), using obscene and profane language during the course of collection calls (Id. ¶ 43), and falsely representing that Oasis was an attorney or law firm (Id. ¶ 47). As a result of this conduct, Mr. Hunter claims he suffered "humiliation, anger, anxiety, emotional distress, fear, frustration[,] and embarrassment." (Id. ¶ 20.) Further, "his life was disrupted" by Oasis's conduct. (Doc. No. 12 at 7.)

Mr. Hunter's Complaint claims violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("Fair Debt

Act") and the Rosenthal Fair Debt Collections Act, Cal. Civ. Code §§ 1788 *et seq.* ("Rosenthal Act"). To date, Oasis has not appeared in this action or responded to the litigation.

Mr. Hunter requests a $75,000 judgment against Oasis as follows: (1) $73,000 in "actual" damages, (2) $1,000 in statutory damages pursuant to the Fair Debt Act, and (3) $1,000 statutory damages pursuant to the Rosenthal Act. He does not request attorneys' fees or costs.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) provides that default judgment may be entered upon the application of a party. Factors which the Court may consider in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (quotation marks and citations omitted).

## III. DISCUSSION

**A.  Default Judgement is Proper**

Considering the factors established in Eitel, a grant of default judgment is appropriate in this case. First, a strong

possibility exists that Mr. Hunter will be prejudiced if he is unable to seek judgment, as this suit is his only means of recourse against Oasis for its conduct. Further, if Mr. Hunter's motion is not granted, Oasis essentially successfully defends against suit without ever appearing or expending any resources. That inequitable result, in light of Oasis's alleged conduct, will both prejudice Mr. Hunter and subvert the purpose of both statutory schemes.

Moreover, Mr. Hunter's claims have merit. Taken as true, as the Court must do, all of the allegations contained in paragraphs 23-35 of Mr. Hunter's Complaint establish a violation of the Fair Debt Act. Each paragraph contains citations to specific provisions in the United States Code. The undersigned reviewed each provision and found that each allegation would constitute a violation of each cited provision. Similarly, the undersigned reviewed the allegations in paragraphs 41-45 and 47 and found that Mr. Hunter's allegations constitute violations of the Rosenthal Act. The only questionable violation appears in paragraph 30: "The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1)." The cited section provides that a mailed notice must include this information if Oasis did not inform Mr. Hunter of the same at the time of the call. Mr. Hunter's Complaint contains no information regarding whether he was or was not verbally told the amount he owed. In any event, this allegation remains viable if in fact he was not verbally told the amount he owed. This questionable allegation notwithstanding, Mr. Hunter's two claims are meritorious.

Next, there is no evidence that Oasis's failure to appear thus far is a result of excusable neglect. And although the

undersigned recognizes the strong policy favoring resolution of cases on their merits, proceeding with the instant litigation would be futile given Oasis's failure to appear. Thus, entry of default judgment is necessary to ensure Mr. Hunter is not left without recourse.

**B.     The Judgement Should Be Set at $75,000 Plus Attorneys' Fees**

The undersigned next recommends that actual damages be fixed at $73,000; statutory damages be fixed at $2,000; and attorneys' fees and costs be awarded according to proof.

**1.     Actual Damages:  $73,000**

Actual damages are available to any person injured by a violation of the Fair Debt Act. 15 U.S.C. § 1692k(a)(1). Moreover, Fair Debt Act "actual damages encompass damages for emotional distress and relational injuries." Nelson v. Equifax Info. Servs. LLC, 522 F. Supp. 2d 1222, 1239 (C.D. Cal. 2007) (citing cases); see generally Panahiasl v. Gurney, 2007 U.S. Dist. LEXIS 17269, *3-6 (N.D. Cal. Mar. 7, 2007) (surveying cases on damages for emotional distress). Further, "[p]roof of physical injury is not necessary to obtain an award of emotional distress damages under the [Fair Debt Act]." Id. The District Court in Nelson upheld the jury's award of $85,000 in actual damages despite the lack of any physical injuries.

Mr. Hunter next cites Panahiasl, in which the District Court awarded $50,000 and $10,000 in damages to the two plaintiffs. In that case, the Court generally described the violative conduct as "repeated telephone abuse." Panahiasl, 2007 U.S. Dist. LEXIS at *5. The plaintiff who received $50,000 suffered "embarrassment, fear, anger, panic, humiliation, nervousness, crying fits, difficulty eating and sleeping, and diarrhea." Id. The plaintiff who received

$10,000 suffered "emotional distress in the form of embarrassment, humiliation, harassment, anger, anxiety, lack of concentration and stress." Id.

Mr. Hunter also cites Robertson v. Horton Bros. Recovery, Inc., 2007 U.S. Dist. LEXIS 48602 (D. Del. July 3, 2007), in which the Court awarded $75,000 in actual damages. Robertson involved the repossession of a car, where the repossessors initially visited the plaintiff's home and then followed up with repeated calls "laced with profanity and physical threats." Id. at *4. The plaintiff was so frightened that she took the day off work and called her husband, who came home from work and took the rest of the day off as well. Id. at *4-5.

Although the plaintiffs' emotional reactions varied slightly in the cases above, they are qualitatively similar to Mr. Hunter's emotional distress allegations: "humiliation, anger, anxiety, emotional distress, fear, frustration[,] and embarrassment." (Compl. ¶ 20.) Further, Oasis's conduct here was similar to the defendants in the cases above. Oasis's alleged threats, repeated telephone calls, failure to validate the debt, and continued contact despite Mr. Hunter's request to direct further contact to his attorney are consistent with the type of conduct in the above cases. Ultimately, Mr. Hunter's request for $73,000 in damages is reasonable and is consistent with damages awarded in similar cases.

### 2. **Statutory Damages: $2,000**

The Fair Debt Act allows for a statutory damages award up to $1,000 in addition to the above actual damages award. Nelson, 522 F. Supp. 2d at 1238-39. California's Rosenthal Act allows for the same statutory damages.

Although both Acts are highly similar, the Court may fix two $1,000 awards. Accord Panahiasl, 2007 U.S. Dist. LEXIS at *9 n.4; but see Silva v. Jason Head, PLC, 2010 U.S. Dist. LEXIS 121557, *17-19 (N.D. Cal. Nov. 4, 2010) (finding, and citing N.D. Cal. cases, to the contrary). Civil Code Section 1788.32 specifically provides: "The remedies provided herein are intended to be <u>cumulative and are in addition</u> to any other procedures, rights, or remedies under any other provision of law." (emphasis added). Furthermore, 15 U.S.C. Section 1692n states that the federal law does not exempt or affect any person, who is subject to the Fair Debt Act, from complying with the law of any State with respect to debt collection practices, unless those laws are inconsistent with the federal Act, and then only to the extent of the inconsistency.

The <u>Silva</u> line of cases notwithstanding, dual statutory damages are proper here because Mr. Hunter alleges Oasis violated provisions that are specific to each Act. For example, in paragraph 33 of his Complaint, Mr. Hunter alleges Oasis "failed to send [him] a validation notice informing [him] of a right to have verification and judgment mailed to [him], in violation of 15 U.S.C. § 1692g(a)(4)." This allegation appears only under Mr. Hunter's Fair Debt Act claim. Similarly, in paragraph 47, Mr. Hunter alleges Oasis "falsely represented that it was an attorney or a law firm, in violation of Cal. Civ. Code § 1788.13(b)." This allegation appears in Mr. Hunter's Rosenthal Act claim only. Thus, even if the Court is disinclined to award what was characterized in <u>Silva</u> as "repetitive" statutory damages, two statutory damage awards in this case would not be repetitive since Mr. Hunter alleges violations of provisions that are exclusive to each Act.

1    The undersigned therefore recommends that Mr. Hunter be
2 awarded $1,000 in statutory damages for Oasis's violation of the
3 Fair Debt Act and $1,000 in statutory damages for Oasis's violation
4 of the Rosenthal Act.
5        **3.   Attorneys' Fees and Costs**
6    Although Mr. Hunter has not requested attorneys' fees and
7 costs, both the Fair Debt Act and Rosenthal Act direct courts to
8 award these items to a prevailing consumer.  15 U.S.C. § 1692k(a)(3)
9 (providing that damages include the "sum" of actual damages,
10 statutory damages, and attorneys fees and costs); Cal. Civ. Code
11 § 1788.30(c) ("[T]he prevailing party <u>shall</u> be entitled to costs of
12 the action.  Reasonable attorney's fees . . . <u>shall</u> be awarded to a
13 prevailing debtor.") (emphasis added).  A number of cases decided
14 under 15 U.S.C. Section 1692k have held that an attorney fee award
15 is required if the plaintiff prevails.  <u>See, e.g.</u>, <u>Zagorski v.
16 Midwest Billing Servs.</u>, 128 F.3d 1164, 1166 & n.3 (7th Cir. 1997);
17 <u>Myers v. LHR, Inc.</u>, 543 F. Supp. 2d 1215, 1219 (S.D. Cal. 2008)
18 (Miller, J.).  The undersigned therefore recommends that Mr. Hunter
19 be awarded attorneys' fees and costs in an amount subject to proof.
20 <u>See generally</u> <u>Ferland v. Conrad Credit Corp.</u>, 244 F.3d 1145, 1149
21 n.4 (9th Cir. 2001) ("District courts must calculate awards for
22 attorneys' fees using the 'lodestar' method."); <u>see also</u> <u>Myers</u>, 543
23 F. Supp. 2d at 1218-19 (citing <u>Ferland</u> and applying lodestar method
24 in Fair Debt Act case).
25                      **IV.   CONCLUSION**
26    Based on the foregoing, the undersigned RECOMMENDS that
27 Mr. Hunter's Motion be GRANTED in the amount of $75,000 plus
28 attorneys' fees and costs.

1         This report and recommendation of the undersigned Magistrate
2    Judge is submitted to the United States District Judge assigned to
3    this case, pursuant to the provision of 28 U.S.C. Section 636(b)(1).
4         IT IS ORDERED that no later than <u>January 21, 2011</u>, any party
5    to this action may file written objections with the Court and serve
6    a copy on all parties.  The document should be captioned "Objections
7    to Report and Recommendation."
8         IT IS FURTHER ORDERED that any reply to the objections shall
9    be filed with the Court and served on all parties no later than
10   <u>February 4, 2011</u>.  The parties are advised that failure to file
11   objections within the specified time may waive the right to raise
12   those objections on appeal of the Court's order.  <u>Martinez v. Ylst</u>,
13   951 F.2d 1153 (9th Cir. 1991).
14   DATED:   December 21, 2010

                                    _____
                                    Hon. William V. Gallo
                                    U.S. Magistrate Judge