LARA R. SHAPIRO (State Bar No. 227194)
4145 Via Marina # 324
Marina del Rey, CA 90292
Telephone: (310) 577-0870
Facsimile: (424) 228-5351

Attorneys for Plaintiff,
Ross Hunter

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ross Hunter,<br><br>        Plaintiff,<br><br>   vs.<br><br>Oasis Financial Solutions, LLC; and Does 1-100, inclusive,<br><br>        Defendants. | Case No.: 3:10-cv-00724-L -WVG<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**<br><br>Date:      04/04/2011<br>Time:<br>Judge:    William V. Gallo<br>Room: |

Table of Contents

Table of Authorities................................................................................................................ii

I.     INTRODUCTION ........................................................................................................1

II.    PROCEDURAL HISTORY .........................................................................................1

III.   PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES .......................2

IV.   ATTORNEY'S FEES CALCULATED ACCORDING TO THE LODESTAR FORMULA ..................................................................................................................................3

a.     Counsel's Contemporaneous Billing and Expense Records ................................4

b.    Plaintiff's Counsel's Hourly Rate is Reasonable ..................................................5

c.     All Work Submitted is Reasonable .......................................................................6

V.     CONCLUSION ............................................................................................................6

Table of Authorities

**Cases**

Avila v. Olivera Egg Ranch, LLC, 2010 WL 1404397 (E.D. Cal., April 6, 2010) ......................... 5

Beauford v. E.W.H. Group Inc., 2009 WL 3162249 (E.D. Cal., Sept. 29, 2009) .......................... 6

Blum v. Stenson, 465 U.S. 886, 104 S. Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984) .......................... 4

Camacho v. Bridgeport Financial, Inc., 523 F.3d 973 (9th Cir. 2008) ................................... 3, 4, 5

City of Burlington v. Dague, 505 U.S. 557, 112 S. Ct. 2638, 2640, 120 L. Ed. 2d 449 (1992)...... 4

Costa v. National Action Financial Services, 2008 WL 1925235 (E.D. Cal., April 30, 2008) ....... 6

Graziano v. Harrison, 950 F.2d 107 (3d Cir. 1991).......................................................................... 3

Joes v. Payco-General Amn. Credits, 1994 WL 465841 (9th Cir., Aug. 29, 1994) ........................ 2

Kerr v. Screen Extras Guild, Inc., 536 F.2d 67 (9th Cir. 1975)........................................................ 4

Noyles v. Kelly Services, Inc., 2008 WL 3154681 (E.D. Cal., Aug. 4, 2008) ................................. 5

Schueneman v. 1st Credit of Am., LLC, 2007 WL 1967908 (N.D. Cal., July 6, 2007).................. 2

Taylor v. Chaing 2009 WL 453050 (E.D. Cal, Feb. 23, 2009) ........................................................ 6

I. **INTRODUCTION**

On March 6, 2010, Plaintiff Ross Hunter ("Hunter") commenced this Action against the Oasis Financial Solutions, LLC ("Oasis") alleging that Oasis conducted a debt collection business in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. (the "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. ("RFDCPA"). The violations alleged in the Complaint fall within seven distinct categories: (i) Oasis called the Plaintiff up to ten (10) times per day; (ii) Oasis told the Plaintiff that he had committed a crime when he took out the loan; (iii) Oasis told the Plaintiff that he was going to be arrested if he did not pay the Debt immediately; (iv) Oasis told the Plaintiff that they were lawyers and that he should listen to their legal advice; (v) The Plaintiff told Oasis that he was represented by an attorney and for Oasis to direct their calls to his attorney, Oasis continued to call the Plaintiff; (vi) Oasis failed to notify the Plaintiff of his rights under state and federal law by written correspondence within five (5) days after initial contact, including the right to dispute the Debt.

II. **PROCEDURAL HISTORY**

The Plaintiff contacted Lemberg and Associates, LLC, a consumer rights law firm experienced in prosecuting actions under the FDCPA and other Federal and State consumer protection statutes, who agreed to represent the Plaintiff. The crux of Plaintiff's complaints involved Oasis calling the Plaintiff up to ten (10) times per day; Oasis telling the Plaintiff that he had committed a crime when he took out the loan; Oasis telling the Plaintiff that he was going to be arrested if he did not pay the Debt immediately; Oasis telling the Plaintiff that they were lawyers and that he should listen to their legal advice; Oasis' continued calls to Plaintiff when they we told the Plaintiff was represented by an attorney and to direct all calls to the attorney; Oasis' failure to notify the Plaintiff of his rights under state and federal law by written correspondence within five (5)

1

days after initial contact, including the right to dispute the Debt.

With Mr. Hunter's consent, Attorney Lara Shapiro, of counsel to Lemberg & Associates, LLC, commenced this action in Mr. Hunter's behalf. Oasis has failed to answer this matter's Complaint and has failed to appear or otherwise defend this action. On August 23, 2010, the court granted the Plaintiff's Ex Parte Motion to Continue the Deadline to Serve Process on the Defendant from August 4, 2010 until September 3, 2010. Plaintiff served the Defendant, Oasis Financial Solutions, LLC, with a summons and complaint on August 10, 2010, by personal service, as evidenced by the proof of service on file with this Court. Neither Plaintiff nor the Court has granted Defendant extensions of time to respond to the Complaint. Defendants have failed to answer or otherwise respond to the Complaint, or serve a copy of any answer or other response upon Plaintiff's counsel of record. On September 15, 2010, the Plaintiff filed a Request for Entry of Clerk's Default against Oasis. On October 18, 2010, the Plaintiff filed a Motion for Default Judgment against Oasis. The court granted Plaintiff's Motion in the amount of $75,000.00 plus attorney's fees on March 21, 2011.

### III.     PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES

Plaintiff prevailed in holding the Defendants responsible for their violations of the FDCPA and is the "prevailing party" for the purposes of assessment of attorneys fees under 15 U.S.C. 1692k(a)(3). *See* Joes v. Payco-General Amn. Credits, 1994 WL 465841, *2 (9th Cir., Aug. 29, 1994) (plaintiff was the prevailing party upon acceptance of offer of judgment and entry of judgment in its favor); Schueneman v. 1st Credit of Am., LLC, 2007 WL 1967908 (N.D. Cal., July 6, 2007). Such an award was granted by this Court on March 21, 2011, and is mandated by Congress and applicable Ninth Circuit precedent. It is not subject to dispute that, under 15 U.S.C.

§ 1692k(a)(3), an award of attorneys fees to the "prevailing party," subject to "reasonableness," is required. As the Ninth Circuit Court of Appeals stated in Camacho v. Bridgeport Financial, Inc., 523 F.3d 973 (9th Cir. 2008), in order "to encourage private enforcement" of certain consumer protection laws, "Congress has legislated that in certain cases prevailing parties may recover their attorneys' fees from the opposing side." Camacho, 523 F.3d at 978 (*citing* Staton v. Boeing Co., 327 F.3d 938, 965 (9th Cir. 2003). The FDCPA is such a statute, and it therefore provides "that any debt collector who fails to comply with its provisions is liable 'in the case of any successful action . . . [for] the costs of the action, together with a reasonable attorney's fee as determined by the court.'" Camacho, 523 F.3d at 978 (*quoting* 15 U.S.C. §1692k (a)(3)).

The award of attorney's fees to successful litigants under the FDCPA plays a critical role in making consumer rights actions viable. By definition, these cases are brought by individual consumers who are usually unable to fund federal litigation. Unscrupulous debt collectors would have little to fear from the FDCPA if consumers were forced to pay attorney's fees or retainers to vindicate their rights. In recognition of this problem, Congress specifically provided for the award of attorney's fees to successful plaintiffs. Because Congress choose a "private attorney general approach" to enforce the FDCPA, an award of fees is "mandatory." Camacho, 523 F.3d at 978 (*citing* Tolentino v. Friedman, 46 F.3d 645, 651 (7th Cir. 1995); *see also* Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991) (the FDCPA "mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general.")(*cited with approval in* Camacho, 523 F.3d at 978).

**IV.     ATTORNEY'S FEES CALCULATED ACCORDING TO THE LODESTAR FORMULA**

In calculating awards for fees, district courts must use the Lodestar formula. Camacho, 523 F.3d at 978. The Lodestar amount is "calculated by multiplying the number of hours the prevailing

3

party reasonably expended on the litigation by a reasonable hourly rate." Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (*citing* Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). A "reasonable hourly rate" is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Camacho, 523 F.3d at 989 (*citing* Blum v. Stenson, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). In this case, the relevant community is the Eastern District of California. The applicant for fees bears the burden of proving that the fee request is reasonable, with a strong presumption that the Lodestar amount represents a fair and appropriate fee award. *See* City of Burlington v. Dague, 505 U.S. 557, 562, 112 S. Ct. 2638, 2640, 120 L. Ed. 2d 449 (1992); Blum v. Stenson, 465 U.S. 886, 895-896, 104 S. Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984). The court may adjust the Lodestar based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 536 F.2d 67 (9th Cir. 1975), which are not subsumed under the Lodestar calculation[1]. *Id.*

Plaintiff has submitted her counsel's contemporaneous billing records in support of this motion and set forth the reasonable rate in this community *infra*.

### a. **Counsel's Contemporaneous Billing and Expense Records**

Attached as Exhibits 1 to the Affidavit of Lara Shapiro are the Firm's contemporaneous billing and expense records associated with this case. The Firm spent 14.4 hours on this case, and incurred $3,825.00 in attorney's fees. *See* Shapiro Aff., Exhibit 1. The Firm's expenses were

---

[1] The factors articulated by the Ninth Circuit in Kerr are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Kerr, 526 F.2d at 70.

4

$450.00 for payment of fees for filing the Complaint, and for service of the Summons and Complaint upon the Defendant.

The following chart summarizes Plaintiff's counsel's work on this case (Plaintiff's complete time sheet is attached as <u>Exhibit A</u> to the Affidavit of Lara Shapiro):

| <u>Category</u> | <u>Time</u> | <u>Fees</u> |
|---|---|---|
| Communication with Client | 2.7 | $725.00 |
| Draft, Review and File Complaint and Other Court Documents | 1.90 | $525.00 |
| Service of Summons and Complaint | 1.30 | $325.00 |
| Draft, Review and File Motion for Default Judgment | 3.40 | $900.00 |
| Draft, Review and File Motion for Attorney's Fees and Costs | 5.00 | $1350.00 |
| <u>Total</u>: | 14.4 | $3825.00 |

### b. **Plaintiff's Counsel's Hourly Rate is Reasonable**

In total, Plaintiff's counsel seeks payment for 14.4 hours of work for a total amount of $3,825.00. In the context of determining the reasonableness of fees under a fee-shifting statute, a District Court's primary concern is with the market value of counsel's services. <u>Camacho v. Bridgeport Financial, Inc.</u>, 523 F.3d 973, 989 (9th Cir. 2008).

Rate determinations made in cases of similar difficulty is "satisfactory evidence of the prevailing market rate." <u>Id.</u> at 980 (citing <u>United Steelworkers of Am. V. Phelps Dodge Corp.</u>, 896 F.2d 403, 407 (9th Cir. 1990). Here, Plaintiff seeks hourly rates of $360.00 to $400.00 for senior attorneys and $300.00 for junior members for work performed. These amounts are reasonable and well within the range charged in the Sacramento legal community. *See* <u>Avila v. Olivera Egg Ranch, LLC</u>, 2010 WL 1404397, *1 n.3 (E.D. Cal., April 6, 2010) ($400 and $300 hourly rate allowed under lodestar calculation for senior and junior attorney respectively); <u>Noyles v. Kelly Services, Inc.</u>, 2008 WL 3154681 (E.D. Cal., Aug. 4, 2008) (finding fee of $350.00 and $325.00 to be

5

reasonable); Taylor v. Chaing 2009 WL 453050 (E.D. Cal, Feb. 23, 2009) ($335 rate is a reasonable); Costa v. National Action Financial Services, 2008 WL 1925235 (E.D. Cal., April 30, 2008) ($315.00 is a reasonable rate); Beauford v. E.W.H. Group Inc., 2009 WL 3162249 (E.D. Cal., Sept. 29, 2009) (Judge Ishii ruled that a $350 hourly rate was reasonable for the Eastern District of California).

Ms. Shapiro is of counsel to the firm with experience in complex litigation, legal malpractice and consumer rights cases. Ms. Shapiro is admitted to the Bar of the State of California and to this Court.

Ms. Shapiro usual hourly rate is $300.00. Finally, consistent with the Firm's billing practice, paralegal time for Mr. Guadiana at $250.00 per hour and Mr. Hirnyk has been billed at $250.00 per hour.

### c. All Work Submitted is Reasonable

All work submitted by the Plaintiff is fully compensable and no adjustment to the Lodestar figure should be made. That Plaintiff was successful in his claim by virtue of this court entering an Order to Grant Judgment by Default in Plaintiff's favor on March 21, 2011.

## V.   CONCLUSION

Plaintiff's fee application is reasonable in time expended and amount requested. Plaintiff requests that the Court award him $4,275.00 for her attorney's fees and costs.

Dated:   April 4, 2011

                    LEMBERG & ASSOCIATES, LLC
*Attorneys for Plaintiff*

By:  /s/ Lara Shapiro
     Law Office of Lara Shapiro
     4145 Via Marina #324
     Marina Del Rey, CA 90292

6

(310) 577-0870
Fax: (424) 228-5351
Email: shapiro.lara@gmail.com

**CERTIFICATE OF SERVICE**

**THIS IS TO CERTIFY** that on April 4, 2011 a copy of the foregoing was electronically filed with the Clerk of the District Court using the CM/ECF system, and is available on CM/ECF system of the U.S. District Court for the Southern District of California.  In addition, a copy of foregoing was mailed by U.S. First Class Mail to:

Oasis Financial Solutions LLC
7910 Baymeadows Way,
Jacksonville, Florida 32256

/s/ Lara Shapiro
_____
Lara Shapiro