UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS HUNTER, | Civil No. 10cv724 L (WVG) |
| Plaintiff, | **ORDER GRANTING IN PART MOTION FOR ATTORNEY' FEES AND COSTS [doc. #17]** |
| v. | |
| OASIS FINANCIAL SOLUTIONS, LLC, | |
| Defendant. | |

Plaintiff filed the above-captioned case on April 6, 2010. Defendant Oasis Financial Solutions, LLC was served with the summon and complaint on August 10, 2010, but did not file an answer or otherwise respond to the complaint. On September 16, 2010, the Clerk of the Court entered default as to Oasis. Plaintiff then moved for default judgment seeking $75,000.00 in damages. Plaintiff's motion for default judgment was referred the assigned magistrate judge, William V. Gallo, for a Report and Recommendation. In his December 21, 2010 Report, the magistrate judge recommended that default judgment be granted in the amount of $73,000.00 for actual damages and $2,000.00 for statutory damages. Although plaintiff requested attorney's fees and costs in his complaint, he did not seek attorney's fees in his motion for default judgment. The magistrate judge, however, recommended such an award in an amount subject to proof. (Report at 8.) The Court adopted the Report, granted plaintiff's motion for default judgment and ordered plaintiff to file a motion for attorney's fees and costs.

On April 4, 2011, plaintiff timely filed his motion seeking an award of $3,825.00 in attorney's fees and $450.00 in costs. In support of his motion, plaintiff provides counsel's contemporaneous billing records and two affidavits.

**Discussion**

Plaintiff brought this action against Oasis Financial Solutions, LLC ("Oasis") alleging that Oasis violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code § 1788, *et seq.*. As noted above, the Court entered default judgment against Oasis and therefore, plaintiff is the prevailing party for purposes of the assessment of attorney's fees under the FDCPA. The FDCPA provides that any debt collector who fails to comply with its provisions is liable "in the case of any successful action ... [for] the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The FDCPA's statutory language makes an award of fees mandatory. *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973 (9th Cir. 2008).

Courts calculate awards for attorney's fees using the 'lodestar' method, *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (per curiam), and the amount of that fee must be determined on the facts of each case, *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Ferland*, 244 F.3d at 1149 n. 4 (citation and internal quotation marks omitted).

As the party seeking fees and costs, plaintiff "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437.  To that end, the court may require plaintiff to produce records sufficient to provide "a proper basis for determining how much time was spent on particular claims." *Id.*, at 437, fn. 12 (*quoting Nadeau v. Helgemoe*, 581 F.2d 275, 279 (1st Cir. 1978).  The court also may properly reduce compensation on account of any failure to maintain appropriate time records. *Id.*, at 433 ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court

may reduce the award accordingly."); *see*, *e.g.*, *Philipp v. ANR Freight System, Inc.*, 61 F.3d 669, 675 (8th Cir. 1995) (approving reduction of fee by 1/3 because of inadequate records). Although the *Hensley* Court acknowledged that minute details are not required, "counsel should identify the general subject matter of his time expenditures." *Id.* at 437, fn. 12.

Counsel seeks to be compensated for 14.4 hours – $3,825.00 – plus $450.00 in costs, and submits billing statements in support of the requested hours. (Pltf's Exh. 1.) Having carefully reviewed the billing records submitted by plaintiff's counsel, the Court notes that the records and the memorandum provide inconsistent information and fail to meet a minimal standard of sufficient detail expected when applying for attorneys' fees.

"The proper reference point in determining an appropriate fee award is the rates charged by private attorneys in the same legal market as prevailing counsel," *Trevino v. Gates*, 99 F.3d 911, 925 (9th Cir. 1996), and not "by reference to the rates actually charged by the prevailing party." *Schwarz v. Secretary of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995).

In the present case, counsel is located in Marina del Rey, California but states that the amounts sought are "well within the range charged in the Sacramento legal community." (Memo of Ps&As at 5.) Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits. *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). "[R]ates outside the forum may be used if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Id.* (citation and internal quotation marks omitted). Here, the relevant community appears to be the Southern District of California rather than the Eastern District (Sacramento) or the Central District, Western Division (Marina del Rey). For reasons not made clear, plaintiff's counsel has provided citations to cases supporting his requested attorney fees amounts from the Eastern District of California rather than the Southern District of California.

In one portion of his request, plaintiff seeks hourly rates of $360.00 to $400.00 per hour for senior attorneys and $300.00 for junior members. (Memo of Ps&As at 5) But in another portion of his request, lead counsel Lara Shapiro states her billing rate is $300.00, and the rate

for Vlad Hirnyk and paralegal Ernest Guadiana is $250.00 per hour. Also, the billing statement plaintiff provides does not include any information concerning the five hours of time Lara Shapiro states she expended on this case. Further, neither the memorandum nor the billing statement identify who "AK" is or why the billing rate is $125.00 per hour for AK's drafting of the motion for attorney's fees and costs. Although Ms Shapiro and Mr. Hirnyk provide affidavits, neither Mr. Guadiana nor AK has.

Plaintiff seeks a total of $3,825.00 for attorney's fees but based on Ms Shapiro's unsupported statement she expended five hours of time at a billing rate of $300.00 for a total of $1,500.00, which when added to the billing statement total of $1,950.00 results in a total of $3,450.00. There is no explanation offered for the $375.00 difference.

Finally, plaintiff requests costs in the amount of $450.00 for the filing of the complaint and service of process. The Court takes judicial notice that the cost for filing an action is $350.00 but there is no documentation to support the request for $100.00 in service of process costs. Accordingly, the request for costs will be limited to $350.00.

Although a prevailing plaintiff is entitled to attorney's fees and costs under the FDCPA, he must make a showing of the reasonableness of his request along with sufficiently detailed records for the court to properly evaluate all of the factors required. In this case, plaintiff's request is only minimally sufficient to show reasonableness. Nevertheless, the Court will grant in part plaintiff's request.

Based on the foregoing, **IT IS ORDERED** plaintiff's motion for attorney's fees is granted in part and denied in part. Plaintiff is awarded $3,450.00 in attorney's fees and $350.00 in costs for a total of $3,800.00.

**IT IS SO ORDERED.**

DATED: April 25, 2011

M. James Lorenz
United States District Court Judge

///

///

1  COPY TO:

2  HON. WILLIAM V. GALLO
   UNITED STATES MAGISTRATE JUDGE
3

4  ALL PARTIES/COUNSEL